NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0398n.06

No. 21-4224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 07, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DIANE EBERLE, | ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| AMERICAN ELECTRIC POWER SYSTEM LONG-TERM DISABILITY PLAN, c/o American Electric Power Service Corporation, | ) ) ) ) | |
| Defendant-Appellee. | ) ) | OPINION |

---

Before: BATCHELDER, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Diane Eberle contends she was wrongfully denied long-term disability benefits to which she was entitled, in violation of ERISA. The Plan's claims administrator, Prudential Insurance Company of America, denied Eberle benefits because she did not offer the necessary objective medical evidence demonstrating that her lower-back pain rendered her unable to perform "any occupation." The district court granted judgment in the Plan's favor, holding Prudential's decision was not arbitrary and capricious. We affirm.

I.

Eberle unsuccessfully had surgery to address back pain and an antalgic gait, but nonetheless was medically cleared to return to work a few weeks after the surgery. She continued to suffer from back and leg pain in the following months; however, her medical exams did not

reveal any acute injuries. Her healthcare providers repeatedly noted her back pain, lower-extremity weakness, and how these issues limited her ability to sit, stand, walk, and lift much weight.

Prudential temporarily approved Eberle's claim of benefits given her inability to perform her "own occupation" under the terms of the Plan, but ultimately denied her claim after she reached the point when the Plan required her to be unable to perform "any occupation" to continue receiving long-term disability benefits. It grounded its denial on a vocational consultant's opinion that concluded, based on Eberle's medical records, that she could perform the duties of a dispatcher, invoice control clerk, and order clerk.

As was her right under the Plan, Eberle appealed that decision, attaching supporting material from Dr. James Gideon who opined that she was totally unable to work. Prudential had Dr. Todd Graham independently review her file and he concluded that, although Eberle was partially disabled, she could still work full time. On this basis, the vocational director again concluded that Eberle could perform the same three jobs previously identified, and Prudential denied Eberle's appeal. Eberle again appealed, but this time she did not produce any additional information. Prudential had Dr. Phillippe Chemaly review Eberle's file and he agreed with Dr. Graham—although Eberle was partially disabled, she could work full time. Once again, the vocational director concluded that Eberle could perform the same three jobs previously identified, and Prudential denied Eberle's appeal.

Eberle then filed a complaint in district court alleging that Prudential's denial of her long-term disability claim was arbitrary and capricious in violation of ERISA, 29 U.S.C. § 1001 *et seq*. Both Eberle and the Plan moved for judgment on the administrative record. The district court granted the Plan's motion and denied Eberle's in a comprehensive opinion and order. In

doing so, the district court concluded that Prudential's decision was not arbitrary and capricious. This appeal followed.

## II.

The parties agree the familiar two-step standard of review applies in this ERSIA denial-of-benefits appeal. First, we review de novo the district court's ruling. *Evans v. UnumProvident Corp.*, 434 F.3d 866, 875 (6th Cir. 2006). Second, "we review the administrator's decision to deny benefits using the highly deferential arbitrary and capricious standard of review" because Prudential had discretionary authority under the Plan to determine eligibility. *Id.* (internal quotation marks omitted). This review focuses on the final decision denying benefits, which will be upheld "if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." *Id.* at 876 (internal quotation marks omitted). This standard is exceedingly deferential; an outcome is not arbitrary and capricious if "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *McDonald v. W. S. Life Ins. Co.*, 347 F.3d 161, 169 (6th Cir. 2003) (internal quotation marks omitted). Finally, it is not arbitrary and capricious for a plan administrator to rely on one medical opinion over another. *Id.*

## A.

Eberle primarily focuses on the substance of Prudential's decision. She argues that the objective evidence supported her disability claim, that Prudential's reviewers cherry-picked the evidence to be unfavorable to her, and that they made improper credibility determinations. We disagree.

The Plan required Eberle to provide "objective medical information" establishing that she was unable to perform "the duties of any occupation" she was "reasonably qualified" for. She has a long history of back and leg pain, but this history is largely based on subjective pain complaints.

Her healthcare providers repeatedly opined that she was at least partially disabled, but these findings generally did not cite objective medical evidence—such as medical tests—in support. Accordingly, the principle objective medical evidence in the record comes from Eberle's electromyography test results and her MRI and CT scans, which did not reveal any "acute" findings.[1]

On this evidence, Drs. Graham and Chemaly came to their no-disability conclusion. Their reports demonstrate that they carefully reviewed Eberle's file. They both summarized her medical records, listed the documents considered, and concluded that the objective evidence showed Eberle was partially, but not fully, disabled from work. In doing so, they noted that Eberle's medical records showed she did have some objective medical issues that prevented her from sitting, standing, and walking for long periods of time. But both doctors opined that those issues would not prevent Eberle from performing "any occupation." Prudential's decision to deny Eberle's request for long-term disability benefits is therefore supported by substantial evidence.

Eberle argues that Drs. Graham and Chemaly cherry-picked evidence. Although framed differently, this argument again attempts to establish that the objective evidence supported Eberle's disability claim. Eberle does not argue that Drs. Graham and Chemaly ignored evidence (other than the severe facet degeneration issue addressed in footnote 1); rather, she argues that the reviewers drew incorrect conclusions from her medical records because they opined that the objective medical evidence did not support her claim. But the reviewers each reviewed Eberle's entire file, and the weight they gave to each aspect of her file can be attributed to their medical

---

[1]True, one record noted "severe facet degenerative changes in the left" of Eberle's L5-S1 vertebrae, but the reviewing physician did not repeat that finding in her "impression" section, suggesting it was not a concerning finding.

training. They came to a different conclusion than Eberle wanted, but that conclusion supports Prudential's decision and does not warrant reversal. See *McDonald*, 347 F.3d at 169.

Eberle also argues that the reviewers made improper credibility determinations by discounting her complaints of pain. But the reviewers did not make credibility determinations; they focused on the objective evidence, which is what the Plan required. And the Plan required Eberle to support her long-term disability claim with objective evidence. Given this, credibility determinations have limited probative value here. Accordingly, Eberle cannot establish that Prudential's substantive decision was erroneous.

B.

Eberle also objects on procedural grounds. After Prudential initially denied Eberle's benefits, it allowed her to appeal that decision twice and sent her file to an independent doctor for review during each appeal. Prudential also allowed Eberle to supplement the record with additional information to bolster her claim. This level of process clearly evidences a "deliberate principled reasoning process." *Id.*

Eberle's principal argument otherwise is that Prudential did not have a doctor physically examine her before denying her claim for long-term disability benefits. "This court has previously noted that the failure to conduct a physical examination may, in some cases, raise questions about the thoroughness and accuracy of the benefits determination, but reliance on a file review does not, standing alone, require the conclusion that a plan administrator acted improperly." *Judge v. Metro. Life Ins. Co.*, 710 F.3d 651, 663 (6th Cir. 2013) (internal quotation marks and alterations omitted). The Plan did not reserve the right for Prudential to have Eberle undergo a physical examination when reviewing her long-term disability claim. And, although a physical examination would have resulted in a more rigorous decision-making process, we review simply to determine

whether Prudential had a "principled" decision-making process. See *Evans*, 434 F.3d at 876. Prudential's multi-step review was sufficient in this case considering the Plan's requirement that Eberle's long-term disability claim be supported by objective evidence. Thus, Prudential's process for reviewing Eberle's long-term disability claim was not arbitrary and capricious.

III.

For these reasons, we affirm the district court's judgment.